1815.

West
vs
Beanes & Oden

agreement, the plaintiff ought to state the agreement as it really was, though in the alternative. This position, (though determined otherwise by Lord *Mansfield* in *Layton vs. Pearce*, 1 *Doug.* 16,) may be admitted, yet there is no variance in this case, for this is an action of debt on a writing obligatory; and when a suit is brought on a deed, only so much need be averred as shows the plaintiff's cause of action. *Bristow vs. Wright*, 2 *Doug.* 667. A request laid in the declaration to pay the debt before it is due, is not material. *Frampton vs. Coulson*, 1 *Wils.* 33.

*Brooke*, for the Appellee.

JUDGMENT AFFIRMED.

---

MAY.

The court of Chancery will grant relief against a judgment rendered by confession, in an action at law, upon a promisso y note given for a usurious consideration, on payment of the real sum due, with legal interest

## WEST vs. BEANES & ODEN.

APPEAL from a decree of the Court of Chancery. The bill of the complainant, (now appellant,) stated, that on the 2d of February 1802, he borrowed of the defendant, *Beanes*, $2500, at an interest at the rate of $133 33⅓ for every 60 days, for which $2500 he gave his promissory note to *Beanes*, payable in six months; and also another promissory note for the payment of the interest, viz. $400, payable as follow: $133⅓ at the end of 60 days, $133⅓ at the end of 120 days, and the balance at the end of 180 days. That the complainant continued to hold the said sum of $2500, at the rate of interest above stated, until the 15th of March 1805, before which time he had paid to *Beanes* about $800 as interest, at the rate aforesaid, on the $2500, when the complainant and *Beanes* came to a settlement on account of the money so loaned, and the interest; at which settlement *Beanes* alleged that the complainant was indebted to him $4100; and the complainant did then pass his notes to discharge the said balance, viz. one note for $2050, payable in one year from the date to *E. H. Calvert*, or order, and the other for $2050, payable in two years from the date, to *B. Oden*, or order, both of which were paid and delivered to *Beanes*, in satisfaction of the said balance; and that the consideration of the said two notes was the $2500 so loaned, and the remainder of the sum therein mentioned, to wit, $1600, was for the interest on the $2500, at the rate aforesaid, remaining unpaid at the time of giving the said two notes. That *Beanes*,

after the said two notes became due, caused suits to be brought thereon, one in the name of *B. Oden*, the other defendant, for the use of the said *Beanes*, and the other in the name of the said *Beanes* for the use of the *U. S.* and judgments were obtained against the complainant, which were removed to the court of appeals, and there affirmed. That the complainant cannot fully make out this case without a disclosure, on oath, from *Beanes*. *Prayer*, that he be compelled to answer certain interrogatories, &c. and that he account with the complainant for the money he received from him on the said loan beyond the legal rate of interest; and for other and further relief, &c. The bill also prayed for an injunction to stay proceedings at law on the judgment obtained in the name of *Oden*, for the use of *Beanes*, against the complainant, and for *subpena* against *Beanes* and *Oden*. The answer of *Beanes* admitted the suits and judgments, but did not admit that the debts arose entirely from the loans of money. It stated that one half of the money loaned on the 2d of February 1802, was advanced by *R. Marshall*, and the loan made at the equal risk of the defendant and *Marshall*, although the note was made payable to this defendant, who afterwards purchased *Marshall's* interest therein, and paid him a valuable consideration therefor, *Marshall* having previously received the profits or interest which had accrued on one half of the loan, and which were secured by different notes executed at different times to the defendant; the note for the $2500 not expressing to carry any interest. That the defendant, after having had considerable other dealings with the complainant, came to a settlement with him on the 15th of March 1805, when the complainant was found indebted to the defendant, on account of all their dealings, $4099 70; the original account of that settlement is filed, and to which he refers. One charge in that account is for the complainant's note of £247 4 1, being the price of a horse, and the amount of a note given by the complainant to one *Mackey*, which for a valuable consideration had been transferred to the defendant. He admitted that the $2500 loaned, were loaned on the terms charged by the bill. He is unable to state what payments were made by the complainant for interest on the said loan, or the times when those payments were made. That the complainant was not obliged to resort to equity in order to obtain relief,

1815.

West
vs
Beanes & Oden

(if ever entitled to any,) against the debts aforesaid, but was in possession of sufficient evidence to establish his defence *at law;* and he insists, that after having waived the defence at law, he ought not now to be permitted to rely upon that defence; or to resort to such proof in equity. He gave notice of a motion to dissolve the injunction; but the chancellor, on hearing the arguments of counsel, continued the injunction until final hearing. Commissions issued by consent, and testimony was taken. The answer of *Oden* stated, that he was ignorant of the transactions stated in the bill. The cause being argued by the counsel of the parties, was submitted for the decision of the Chancellor.

KILTY, Chancellor, (July Term 1811.) It appears that the note, on which the judgment at law was confessed, was given by *West* to *Oden*, for the purpose of his becoming eventually a security, and by him assigned to *Beanes,* who is the real defendant.

The chancellor has, since the argument, examined fully into the subject, in which a very important principle is involved, as it regards the practice in general, as well as this case. From the nature of the transaction, he was disposed to grant relief if it could have been done, but he is of opinion that it could not be granted consistently with the established principles of courts of equity. The confession of a judgment, without any surprise or fraud in the manner of its being obtained, must be considered as effectual as if the right had been determined by a verdict; because it is to be presumed that the claim would have been prosecuted to trial, if the judgment had not been confessed; and the complainant, having waived his defence at law, which for aught that appears to the contrary, he might have used, cannot now be relieved by this court.

It was urged by one of the counsel in the argument, and strongly relied on, that the defence at law was different from that in equity; and that a defendant might be unwilling to defeat the whole claim by a plea of usury, and yet disposed to avoid the payment of all above the legal interest.

Admitting the correctness of this sentiment in the transactions of individuals, it is not one of which the law can take notice as a ground for its decisions.

The greater always contains the less; a defendant after getting clear of a suit by such a plea, might satisfy his

own conscience by paying or tendering what he might think justly due; but the desire of doing so cannot be received as a reason for not making the full defence at law, and cannot constitute the other a separate and distinct defence.

While the chancellor considers that he is not at liberty to depart from the established rules, and the sanction that has been given to the verdict of a jury, or the confession of a judgment, it must be admitted that the cases in which courts of equity have interfered, have in substance come very near to the present case, and have not been attended with greater hardship. *Decreed*, that the injunction be, after the 21st of the present month, dissolved without further application or order, and the bill dismissed, but without costs. From this decree the complainant appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, EARLE, and MARTIN, J.

*Martin, Pinkney, Key* and *Shaaff*, for the Appellant, stated the question to be, whether after a confession of judgment upon a usurious consideration the party could be relieved in equity? They contended that the court of chancery could relieve against a judgment confessed, as well as in other cases; but admitted that such relief could not be had where a jury have given a verdict upon the very point upon which relief is prayed. They referred to *Steuart* and *Maddox vs. Martin*, where the same point came before the chancellor in 1807, and in which he decreed differently from his present decree. As to the doctrine of the courts of chancery in *Great Britain* and *Ireland*, upon a similar question, they referred to 7 *Bac. Ab.* tit. *Usury*, (G) 203. 22 *Vin. Ab.* tit. *Usury*, (Q) 314, pl. 1. *Langford vs. Barnard, Toth.* 231. *Bosanquet vs. Dashwood, Ca. temp. Talb.* 38. *Ord on Usury.* 93. *Browning vs. Morris*, 2 *Cowp.* 792. *Edmondson vs. Popkin*, 1 *Bos. & Pull.* 270. *Hewitt vs. Fitch*, 3 *Johns. Rep.* 250. 2 *Com. Dig.* tit. *Chancery*, (C 2,) 204, 205. *Barnadiston vs. Lingood*, 2 *Atk.* 133. *Lowther vs. Condon, Ibid* 131. *Scott vs. Nesbit*, 2 *Brown's Ch. Ca.* 641. 1 *Fonbl.* 140, (note.) *Drew vs. Power*, 1 *Sch. & Lef.* 195, 196. *Molloy vs. Irwin, Ibid* 313. *Le Guen vs. Gouverneur*, 1 *Johns. Cas.* 436. *Cooper's Plead.* 123, 124, 141. *Kent vs. Bridgman, Pre. in Chan.* 233. *Williams vs. Owen*, 1 *Chan. Cas.* 46; and *Fells vs. Read*, 3 *Ves.* 70.

*T. Buchanan* and *Magruder*, for the Appellee, referred to *Ware vs. Harwood*, 14 *Ves.* 31. *Cook vs. Jones*, 2 *Cowp.* 727. *Cooper's Plead.* 58, 60, 88, 89. *Ord on Usury*, 90, 92, 96. *Pollard vs. Scoly*, *Cro. Eliz.* 25. *Partridge vs. Dorsey's Lessee*, (*ante* 302.) *Moses vs. Macferlan*, 2 *Burr.* 1009. *Bateman vs. Willac*, 1 *Sch. & Lef.* 201. *M'Vickar vs. Wolcott*, 4 *Johns. Rep.* 510. *Le Guen vs. Gouverneur*, 1 *Johns. Cas.* 436, 487. *Anonymous*, 2 *Ves.* 622. *Marriott vs. Hampton*, 7 *T. R.* 265. *Ramden vs. Jackson*, 1 *Atk.* 293. *Willams vs. Lee*, 3 *Atk.* 224. *Contee vs. Cooke*, 1 *Harr. & Johns.* 179; and *Laming vs. Eddy*, 1 *Johns. Chan. Rep.* 49.

THE COURT *reversed* the decree of the Court of Chancery, with costs to the appellant in that court, and in this court; and decreed, that the chancellor direct the auditor of the court of chancery to state and return an account between the parties *West* and *Beanes*, charging *West* on the 2d of February 1802, with one half of the sum of $2500, stated in the bill to have been originally loaned, with legal interest thereon, and with any other proper charge, and giving *West* credit with one half of the sums paid on account of interest on the said sum so loaned, and with any other proper discounts; and that the chancellor pass such other and further decree in the premises as may be proper to carry into effect the said proceedings in the court of chancery, and the decree and judgment of this court.

DECREE REVERSED(*a*).

(*a*) There was also a bill filed in the names of *Calvert* and *West* against *Beanes*, for similar relief against the note executed by *West*, and payable to *Calvert*, for $2500, upon which suits had been brought at law, and judgments recovered in the name of *Beanes* against the complainants, and which were entered for the use of the *U. S.* On this bill there were the same proceedings, and decree by the chancellor, and by this court, as in the above case of *West* against *Beanes* and *Oden.*