(Decided December 6th, 1877.)

---

JOHN W. WOODS *vs.* ANNIE MATCHETT, Administratrix, *c. t. a.* of ANNE MATCHETT, deceased.

### ARBITRATION AND AWARD.

*Code, Art. 7, secs. 7 and 8—Exceptions to ratification of Award—Usury a good ground for setting aside an Award though the defence not made before the Arbitrator—Equity will grant relief against the payment of usurious interest, even after judgment.*

By the order of the Orphans' Court of Baltimore City all matters of account between J. W. and A. M. were referred to an arbitrator. The arbitrator returned into said Court his award in writing, "that J. W. is justly indebted to A. M., the sum of $2187.87." It appeared by the exhibit accompanying the award, that the arbitrator had charged J. W. with interest at the rate of 10 per cent. per annum. Exceptions were filed to the award on

the ground that usurious interest had been charged. But the exceptions were overruled for the reason that such defence not having been relied upon before the arbitrator, it was too late afterwards to rely upon it by way of exception to the award. On appeal it was HELD:

1st. That although the Code provides the mode and manner in which a defendant may plead usury, its provisions do not in any manner deprive a party of existing remedies for relief against the payment of illegal interest, even though he may have failed to avail himself of the plea.

2nd. It is well settled in this State that a Court of equity will grant relief against the payment of usurious interest, even after judgment, and further than this, that an action at law would lie, prior to the Act of 1876, to recover excessive interest *actually paid.*

3rd. Such being the law, there is no reason why a party may not except to the confirmation of an award on the ground of usury, even though no such defence was made before the arbitrator.

APPEAL from the Orphans' Court of Baltimore City.

On the 22nd October, 1875, Annie Matchett, administratrix, with the will annexed, of the estate of Anne Matchett, represented to the Orphans' Court of Baltimore City, by petition, that she believed there was an outstanding claim in favor of her testatrix against John W. Woods, and that she and said Woods desired that the matter of said claim in dispute between them should be referred, under the sanction of said Court, to the arbitrament of William Seemuller, selected by their mutual assent, and prayed that an order might be passed by the Court authorizing such reference as provided for by sec. 7, Art. 7, of Code Pub. Gen. Laws. Appended to the petition was the agreement of submission, subscribed by each of the parties. On the same day the Orphans' Court passed an order approving of the reference so proposed. On the 19th of November, 1875, the arbitrator returned into the Orphans' Court his award in writing, that the said John W. Woods is justly indebted to the said Annie Matchett, administratrix, the sum of $2187.87, and that the same is payable on 1st of December, 1875.

Accompanying his award there were returned, as exhibits thereto, statements showing the amount of the principal of the debt at its origin, the calculations of interest, the payments, and the manner in which his result was attained. On the 10th of December, 1875, John W. Woods filed exceptions to the confirmation of the award, and, in addition thereto, a motion duly authenticated by affidavit to set aside the award. And on the 20th April, 1876, he filed a further exception.

The grounds of the exceptions and motion were:

1st. That the referee has calculated and charged interest on the principal sum at the rate of 10 per cent. per annum.

2nd. That the referee has allowed no interest to the exceptant on the payments for which he has credit.

3rd. That the submission was for the ascertainment and adjustment of the claim of Annie Matchett, administratrix, against John W. Woods, and the award exceeds the submission in this, that it embraces the allowances of other claims of other persons against said Woods, in addition to the claim of the petitioner.

After hearing, the exceptions were all overruled by the Court, for the reason that the appellant having failed to rely upon the defence of usury before the arbitrator, it was too late afterwards to except to the confirmation of the award on that ground; and for the further reason that the arbitrator had not exceeded his authority in making the award. The award was accordingly confirmed by the Court, on the 9th day of June, 1876, and from the order of the Court overruling the exceptions and confirming the award, this appeal was taken.

The cause was argued before BARTOL, C. J., BOWIE, MILLER, ALVEY and ROBINSON, J.

*Edgar H. Gans* and *John P. Poe,* for appellants.

This award is made under secs. 7 and 8 of Code Pub. Gen. Laws, Art. 7. The powers of the arbitrator and of

the Orphans' Court do not wholly depend therefore upon the common law principles of arbitration and award, but also upon the construction of this Statute. By the true construction of this Statute the Orphans' Court have a revisory power over the award, and may set it aside if it is not good in point of law. *Code Pub. Gen. Laws, Art. 7, secs. 7 and 8; Dement's Adm'rs vs. Stonestreet's Adm'rs, 1 Md., 123; Allen vs. Miles, 4 Harrington, 234; Morse on Arbitration and Award, 303; Merrick vs. Bank of Metropolis, 8 Gill, 72.*

Moreover, upon the general principles of arbitration and award, if an arbitrator discloses in his award the grounds of his decision, the presumption is that he intended to decide according to law, and, if such award is contrary to law, it may be set aside. *Morse on Arbitration and Award, 304, et seq.; Oliver vs. Heap, 2 H. & McH., 447; Tillard's Lessee vs. Fisher, 3 H. & McH., 118; Hewitt vs. State, 6 H. & J., 96; Goldsmith vs. Tilly, 1 H. & J., 361; State, use of Calvert vs. Williams, 9 Gill, 172; Ebert vs. Ebert, 5 Md., 361; Hodgkinson vs. Fernie, 3 C. B., N. S., 189, 201; Farragut's Case, 22 Wallace, 406.*

This award charges the appellant with 10 per cent. interest on $2000 for 20 years and 11 months, and 10 per cent. interest for 19 years and 11 months on $343. Upon the face of the award it appears that this amount of interest was allowed by the arbitrator because of an agreement between the parties to that effect. This allowance, as to the excess over 6 per cent., is contrary to law. *Const. 1867, Art. 3, sec. 57; Code Pub. Gen. Laws, Art. 95, secs. 1, 3, 4 and 5.*

The award of 10 per cent. interest is illegal, notwithstanding it was not pleaded before the arbitrator. Sections 4 and 5 of Art. 95, Code Pub. Gen. Laws, provide merely for the mode in which a defendant must bring his defence of usury before the Court. They do not affect the illegal character of a usurious contract as to the excess,

nor take away remedies which existed before their passage. *Bandel vs. Isaac*, 13 *Md.*, 202 ; *Scott vs. Leary*, 34 *Md.*, 389.

These sections, which regulate matters of pleading merely, can have no application to the informal Court of an arbitrator. *Ing vs. State*, 8 *Md.*, 287.

It is observed that the appellant pleaded the statute in the form prescribed, and averred that he was ready to account for the principal sum of said alleged indebtedness with legal interest thereon, in the Orphans' Court, in his first exception to the award.

If these sections do apply to proceedings before an arbitrator, they constitute no objection to the exceptions ; for a party omitting to make a defence of usury at law may be relieved in equity, and every ground of relief in equity against the award is open to the exceptant. *Hitch vs. Fenby*, 6 *Md.*, 218 ; *West vs. Beanes*, 3 *H. & J.*, 568 ; *Goldsmith vs. Tilly*, 1 *H. & J.*, 361.

*Charles Marshall*, for appellee.

ROBINSON, J., delivered the opinion of the Court.

By the order of the Orphans' Court of Baltimore City, all matters of account between the appellant and the appellee were referred to the arbitrament of William Seemuller.

On the 19th of November, 1875, the arbitrator returned into said Court his award in writing, that the appellant is justly indebted to the appellee the sum of $2187.87.

Accompanying the award, and as exhibits thereto, were filed certain statements, showing the basis upon which this indebtedness was ascertained, and from which it appears that the arbitrator charged the appellant with interest at the rate of *ten per cent.* per annum, on two thousand dollars for twenty years and eleven months, and the same rate on three hundred and forty-three dollars, for nineteen years and eleven months.

Exceptions were filed against the confirmation of the award on the ground among others, that it appeared upon the face of the award itself, the arbitrator had charged the appellant with the payment of illegal interest; and this appeal is taken from the order of the Court overruling the exceptions and confirming the award.

It was urged in argument, that the appellant having failed to rely on the defence of usury before the arbitrator, it was too late now to object to the confirmation of the award on that ground. The Code provides, it is true, the mode and manner in which a defendant may plead usury, but its provisions do not in any manner deprive him of the then existing remedies for relief against the payment of illegal interest, even though he may have failed to avail himself of the plea. *Art.* 95, *Code, secs.* 4 *and* 5.

It is well settled in this State that a Court of equity will grant relief against the payment of usurious interest, even after judgment, and further than this, that an *action at law* would lie prior to the Act of 1876, to recover excessive interest *actually paid. Hitch vs. Fenby,* 6 *Md.*, 218 ; *West vs. Beanes,* 3 *H. & J.*, 568 ; *Goldsmith vs. Tilly,* 1 *H. & J.*, 361 ; *Scott vs. Leary,* 34 *Md.*, 389 ; *Bandel vs. Isaac,* 13 *Md.*, 202.

Such then being the law, there is no reason why a party may not except to the confirmation of an award on the ground of usury, even though no such defence was made before the arbitrator.

It was further contended that the agreement on the part of the appellant to pay ten per cent. interest on $2000, was not on account of the interest alone, but also in consideration of the stock and business of the husband of the appellee's intestate, and to which the appellant succeeded.

But the award upon its face and the testimony of the arbitrator show that the ten per cent. was allowed as interest.

The Orphans' Court has the power to remand the case to the arbitrator, and if the good will of Woods and

Matchett formed part of the consideration, the appellee will have an opportunity to offer evidence on the subject.

The order of the Orphans' Court overruling the exceptions filed in this case and confirming the award must be reversed.

> *Order reversed, and*
> *case remanded.*

(Decided December 20th, 1877.)