(Decided 25th July, 1878.)

THE SECOND GERMAN AMERICAN BUILDING ASSOCIATION OF BALTIMORE CITY *vs.* GEORGE L. NEWMAN.

*Intent and Constitutionality of the Act of 1876, ch. 358, relating to Usury—Construction of section 29 of Article 3 of the Constitution of 1867.*

The Act of 1876, ch. 358, is entitled: "An Act to amend Article ninety-five of the Code of Public General Laws by adding an additional section thereto." The first section of this Act provides, that "Article ninety-five of the Code of Public General Laws, be, and the

same is hereby amended by adding the following section thereto, to be numbered six." The next section is numbered 6 to conform to the numbers of the sections in this Article of the Code, and is a proviso to the preceding sections of the Article.

The Article is entitled " Usury," and contains the whole legislation of the State regulating the rate of interest. The section added to the Article by the Act of 1876, ch. 358, as an amendment, is strictly germane to the subject embraced in the Article. HELD :

1st. That the intent of the Act of 1876, ch. 358, was to change the law allowing a party who had paid usury, to recover it in an action at law, and to take away such right of action in cases where the transaction had been closed and finally settled by the parties, and the debt had been paid and satisfied.

2nd. That the Act of 1876, ch. 358, was in accordance with the requirements of section 29 of Article 3 of the Constitution, which declares that " every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title: and no law, nor section of law, shall be revived, or amended by reference to its title, or section only."

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the defendant offered four prayers, which need not be set out, and which the Court (GAREY J.,) rejected; and gave the following instruction:

The jury are instructed that if they shall find that the defendant is a building association duly incorporated, and that the plaintiff was a member of the same as a holder of twenty shares therein, and that he obtained on said shares from defendant $4000, and for repayment of the same executed to defendant the mortgage given in evidence; and if they further find, that the laws of the said society allowed the plaintiff to obtain a release of said mortgage by the payment of the amount so advanced to him, less the sum before that time by him paid in on account of dues, as provided for in the mortgage; and that the plain-

tiff applied for and received a release of said mortgage, and in paying for the same, allowed or paid to the defendant more than the rate of six per cent. per annum on the amount so advanced to him in his settlement, then they must find for the plaintiff, and their verdict must be for whatever amount was paid or allowed to defendant in excess of the rate of six per cent. as aforesaid.

To the rejection of its prayers, and to the instruction of the Court, the defendant excepted, and the verdict and judgment being for the plaintiff, it appealed.

The cause was argued before BARTOL, C. J., BOWIE, GRASON and MILLER, J.

*John B. Wentz* and *L. M. Reynolds,* for the appellant.

The Constitution does not say that the subject-matter of the Article to be amended must appear in the title of the amendment. Because the word "Usury," the subject-matter of the original law, does not appear in the *title* of the law amending, therefore the Act of 1876 was declared unconstitutional below. *Keller vs. State,* 11 *Md.,* 525; *Mayor of Annapolis vs. State,* 30 *Md.,* 112; *Henderson's Tobacco,* 11 *Wallace,* 652; *Davis vs. State,* 7 *Md.,* 151; *McPherson vs. Leonard,* 29 *Md.,* 386; *Anderson vs. Baker,* 23 *Md.,* 585; *Parkinson vs. State,* 14 *Md.,* 193; *People vs. McCann,* 16 *N. Y.,* 58; *Brandon vs. State,* 16 *Indiana,* 197; *Morford vs. Unger,* 8 *Iowa,* 82; *Washington vs. Murray,* 4 *Cal.,* 388; *Miller vs. State,* 3 *Ohio, N. S.,* 475; *Pim vs. Nicholson,* 6 *Ohio, N. S.,* 177; *Alleghany County Homes' Case,* 77 *Penna.,* 77; *State Line and Juniata Railroad Company's Appeal, Ibid,* 429.

*E. C. Eichelberger,* for the appellee.

The provisions of the Constitution, Art. 3, sec. 29, have been neglected in the title of the Act of Assembly, of 1876, ch. 358, and the Act is therefore inoperative and

void.   *Davis vs. State,* 7 *Md.,* 151; *Keller, et al. vs. State,* 11 *Md.,* 531; *Parkinson vs. State,* 14 *Md.,* 190–202; *Mayor and City Council of Annapolis vs. State,* 30 *Md.,* 119; *County of Washington vs. Franklin R. R. Co.,* 34 *Md.,* 159; *Williar vs. Balto. Butchers' L. & A. Assoc'n,* 45 *Md.,* 546.

BARTOL, C. J. delivered the opinion of the Court.

This suit was instituted by the appellee to recover money alleged to have been paid by him, in excess of legal interest, upon a mortgage held by the appellant.

It appears from the record, that the mortgage was dated *May 4th* 1874; on *the 9th day of October* 1876, the appellee applied to the Association for a release of the mortgage, and the Association claimed as the amount due thereon the sum of $2160.   The appellee objected to the claim as excessive, but paid the same and thereupon the mortgage was released.

This suit was brought in May 1877, and the appellee seeks to recover back a part of the sum so paid upon the ground that it was *usurious.*

The appellant, for its defence, relies on the Act of 1876, ch. 358, and as the settlement took place, and the money was paid, after that Act went into effect, its provisions afford a complete bar to the suit; unless for some reason the Act shall be held to be void and inoperative.

Its validity is assailed by the appellee, on the ground that the Legislature in passing it, failed to comply with the requirements of the Constitution in Art. 3, sec. 29, which declares that "*every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title, and no law shall be revived or amended by reference to its title or section only.*"

The appellee contends that the Act is fatally defective, because passed in violation of both these provisions.

The title is as follows: "An Act to amend Article ninety-five of the Code of Public General Laws, by adding an additional section thereto."

Section 1st enacts that "Article ninety-five of the Code of Public General Laws, be and the same is hereby amended, by adding the following additional section thereto, to be numbered six."

The next section numbered "6" to conform to the numbers of the sections in Article 95 of the Code, is as follows:

"6. Provided however, that nothing in the preceding sections of this Article, shall be so construed as to make usury a cause of action in any case, when the bond, bill obligatory, promissory note, bill of exchange or other evidence of indebtedness has been redeemed or settled for by the obligor or obligors in money, or other valuable consideration, except that of a renewal in whole or in part of the original indebtedness, but this section shall not apply to any cases of claims or suits now instituted by assignees in bankruptcy."

It had been decided in *Scott vs. Leary*, 34 *Md.*, 589, that a party who has paid usury, was entitled to recover it back in an action at law; and the same decision was made in *Williar's Appeal*, 45 *Md.*, 546.

The intent of the Act of 1876 was to change the law in this respect, and to take away such right of action, in cases where the transaction has been closed and finally settled by the parties, and the debt has been paid and satisfied.

This is the only subject embraced in the Act.—Is this described in the title?

The 95*th Article of the Code* there referred to, is entitled Usury, and contains the whole legislation of the State regulating the rate of interest, declaring the penalties and forfeitures for usury, and prescribing the manner in which such forfeitures shall be enforced. The title of the Act is to amend this *Article*, by adding an additional section

thereto; which section is strictly germane to the subject embraced in the 95th Article of the Code.

This is, in our opinion, a compliance with the constitutional provision, requiring the *subject* of an Act of Assembly to be described in its title.

It was not necessary to state in the title, that the section to be added to the Code, related to the subject of usury; the reference to the particular Article in the Code, which relates only to the subject of usury, clearly indicated the subject of the law.

This clause in the Constitution, and the same provision in the Constitution of 1851, have been on several occasions before the Court of Appeals, and have received judicial construction. 7 *Md.*, 160; 11 *Md.*, 531; 14 *Md.*, 193; 30 *Md.*, 118; 34 *Md.*, 163.

These cases need not now be more particularly referred to; they have been recently examined, and the subject fully considered in *The County Comm'rs of Dorchester Co. vs. Meekins, ante, p.* 28.

This case we consider decisive of the present.

Being of opinion that the Act of 1876, ch. 358, is not obnoxious to the constitutional objection urged by the appellee, and that its effect and operation preclude a recovery by the appellee in this suit, it follows that the instruction given to the jury by the Court below was erroneous; the judgment will therefore be reversed.

*Judgment reversed.*

(Decided 25th July, 1878.)