(Decided 9th December, 1887.)


THE BORDER STATE PERPETUAL BUILDING ASSOCIA-
TION OF BALTIMORE CITY *vs.* JAMES A. HILLEARY
AND WIFE.

*Mortgage—Renewal—Rebate of Usurious interest—Act of
1876, ch. 358—Sham payment.*

A Building Association, advanced to H. a member, $1040, being the
par value of four shares of its stock held by him, and to secure the
payment of the money thus advanced, H. and his wife executed
a mortgage to the association.   H. continued to pay the dues and
interest, according to the terms of the mortgage, until the whole
sum thus paid amounted to one-half at least, of the original debt.
The mortgage was thereupon released, two of the shares of stock
were retired, and a new mortgage was given for $520, being the par
value of the remaining two shares.   At the same time the associa-
tion gave H. a check, payable to his order, for that amount which
he endorsed, and it was deposited in Bank, to the credit of the
association.   H. continued to pay the interest and dues on the second
mortgage until the amount paid by him, added to the payments on
the original mortgage exceeded the mortgage debt of $1040, with
interest thereon.   H. demanded a release of the mortgage, but the

association refused, claiming that there was still a balance due thereon. HELD:

That the second mortgage instead of being executed to secure a new loan of $520, was in effect a mortgage to secure the balance due on the first, and under the Act of 1876, ch. 358, H. was entitled to a rebate of the usurious interest paid by him on the first mortgage.

When the Act of 1876, ch. 358, provides that no recovery shall be had of usurious interest after the debt has been fully paid, it means a *bona fide* and not a sham payment. The mere fact of handing a check to H. for $520, and taking it back, and depositing it in Bank to the credit of the association, is not a loan of money.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken from an order finally ratifying the report and account of the auditor which showed an overpayment by the appellee, James A. Hilleary, to the appellant. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, and BRYAN, J.

*James McColgan,* for the appellant.

*John H. Barnes,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is a bill filed for the release of a mortgage. The facts are these: The appellant Association advanced to the appellee Hilleary $1040, being the par value of four shares of its stock held by him, and to secure the payment of the money thus advanced, Hilleary and his wife executed to the Association a mortgage.

Hilleary from time to time continued to make bi-weekly payments of interest and dues according to the terms of the mortgage, until the whole sum thus paid by him, amounted to one-half at least of the mortgage. Such be-

ing the case and not wishing to continue the payment of interest on the whole debt, of $1040, the Secretary of the Association advised him to have the mortgage released and to retire two of the four shares, and give a new mortgage on the same property for $520, being the sum due on the original mortgage and being also the par value of the two remaining shares. Accordingly, the mortgage was released, two of the shares of stock were retired, and a new mortgage for the payment of $520, was executed. At the same time, a check for $520 was drawn by the Association payable to the order of Hilleary, but this check was endorsed by him, and then deposited by the Association in bank to its credit. So not one dollar was at that time advanced to Hilleary. After its execution he continued to pay the interest and dues on the second mortgage, until the amount paid by him, added to the payments made on the original mortgage exceeded the mortgage debt of $1040, with interest thereon. Application was then made to the Association to release the mortgage, but this was refused on the ground that there was still a balance due on it by the appellees.

The auditor's account, shows that the entire sum paid by Hilleary on the first and second mortgages exceeds the $1040 advanced to him, with interest, but the Association contends that the first mortgage was paid and released at the time of the execution of the second, and that Hilleary is not, therefore, entitled to a rebate of the usurious interest paid by him on the first mortgage; and further, that the second mortgage for the payment of $520, was given for a new loan of that amount by the Association to him.

Now if this be so, if the original mortgage debt was in fact paid, then the appellees are not entitled to a rebate for usurious interest, because the Act of 1876, chap. 358, provides that no recovery shall be had of usurious interest after the debt has been fully paid. The proof, however,

Border State Perpetual Build Ass'n *vs.* Hilleary and Wife.

does not sustain the appellant's contention. On the contrary, it shows, that although the original mortgage was, in fact, released, only half of it had been paid, and that the second mortgage instead of being executed to secure a new loan of $520, was in effect a mortgage to secure the balance due on the first, and based too on the remaining shares of stock in the hands of Hilleary, the par value of which was $520. When the Act of 1876 speaks of the payment of the debt, it means as was said in *Border State Perpetual Building Association vs. Hayes,* 61 *Md.,* 597, "*a bona fide and not a sham payment.*" The mere fact of handing a check to Hilleary for $520, and taking it back in the next breath, and depositing it in bank to the credit of the Association is not a loan of money to him. The object of this formal ceremony was, no doubt, to give to the transaction the appearance of a new loan. The effect of it, however, was merely to reduce the mortgage indebtedness from $1040 as it stood when the first mortgage was made to $520, for which the second mortgage was given. It was after all part of the same old debt. This being so, the appellee Hilleary, is entitled to a rebate for the usurious interest paid on the first mortgage, because the Act of 1876 allows one to recover all usury paid, so long as any part of the debt remains unpaid. As the auditor's account shows that Hilleary has, in fact, overpaid the original mortgage debt of $1040 and interest thereon, the order below must be affirmed.

*Order affirmed.*

(Decided 9th December, 1887.)