# WILLIAM LOVETT vs. THE CALVERT MORTGAGE AND DEPOSIT COMPANY.

*Action to Recover Usurious Interest after Transaction Closed.*

When one has borrowed money from a building association on a mortgage, paying usurious interest on the loan, and at his request, the association sends him a release of the mortgage, which he does not place on record, he cannot sue to recover such usurious excess, since Code, Art. 49, sec. 6, provides that usury shall not be a cause of action when the bond or other evidence of indebtedness has been redeemed or settled for.

*Decided May 15th, 1907.*

Appeal from the Superior Court of Baltimore City (NILES, J.)

The cause was argued before BOYD, PEARCE, SCHMUCKER, BURKE and ROGERS, JJ.

*O. Parker Baker* and *George E. Robinson*, for the appellant.

*Chas. W. Field*, for the appellee.

PEARCE, J., delivered the opinion of the Court.

On July 31st, 1895, the plaintiff below, now the appellant, borrowed from the defendant, the appellee, a building and loan association, five hundred dollars upon five shares of its stock of the par value of $100 each, and to secure said loan executed to the association a mortgage upon his house and lot on Falls Road in Baltimore County, in which mortgage he covenanted to pay said association during the continuance of said mortgage, a premium of $2.50 on the first business day of each and every month, being fifty cents premium on each share; also $2.50 on the first business day of each and every month as interest on said loan, being at the rate of six per cent. per annum ; and the further sum of $2.50 on the

first business day of each and every month as dues on said five shares of stock; all said payments to be continued until said stock should become fully matured and of the value of $100 per share, at which time it was provided "said mortgage shall be void."

Upon the execution of this mortgage the plaintiff began to make the stipulated payments and continued thereafter to make them regularly and promptly from July 31st, 1895, to December 29th, 1904, when he made his last payment, as shown by his pass book which was put in evidence.

The record does not disclose any calculation or statement by the association showing that the stock was fully matured, but both parties treated the payment of December 29th, 1904, as a final payment maturing the stock, and making the mortgage void. The only testimony given in the case was that of the plaintiff himself, and of a Mr. Robinson a member of the bar, who was called merely to prove that no release had been recorded upon the Land Records for Baltimore County. The plaintiff testified that when he made his final payment on December 29th, 1904, the manager was not at the office, and that he made the payment to a young lady in charge, and he admitted that he had previously asked about a release of his mortgage, and at that time he asked her for it, and that a few days after that, his wife received by mail a release of the mortgage.

At the time of the execution of this mortgage the transaction was believed not only by the parties thereto, but was every where believed to be valid and legal in every respect and to be free from any taint of usury; but under the decisions in *White* v. *Williams*, 90 Md. 719, made in 1900, and *Washington Nat. Building and Loan Association* v. *Andrews*, 95 Md. 696, made in 1902, such premiums were held to render the mortgage usurious. Being thus usurious, it must, as was said in *Balto. Permanent Building and Loan Association* v. *Taylor*, 41 Md. 418, "be regarded in the same light as if it were a mortgage between individuals, and apart from any law relating to Building Associations," and it is therefore imma-

terial whether the stock had matured or not, the transaction being in law a simple loan to be repaid with legal interest. It appears from the plaintiff's pass book that he has paid to the association the sum of $847.50, whereas according to his calculation as stated in the *nar.* computing interest at six per cent. on $500 with monthly rests, and crediting the monthly payment of $7.50 at each rest, his regular monthly payments extinguished the debt on July 28th, 1902, and consequently, the twenty-nine subsequent monthly payments of $7.50 each were in fact payments of usurious interest, amounting to $217.50 to recover which he brought this suit on June 6th, 1906.

The *nar.* contained the common counts, and a special seventh count setting forth the transaction and the twenty-nine payments made after the extinguishment of the debt on July 28th, 1902. The defendant filed the general issue pleas and a special plea to the seventh count of the *nar.* alleging that the $217.50 sued for was usurious interest paid over and above the legal rate of six per cent. per annum upon the loan of $500 made under the mortgage, and that "upon the payment of said sum the plaintiff paid off, redeemed and settled said mortgage and the indebtedness secured thereby in cash and that defendant executed and delivered to the plaintiff a release of said mortgage under its corporate seal; and that no part of said original indebtedness, or said mortgage debt, was renewed in whole or in part at any time whatsoever."

The plaintiff replied to this plea that said sum of $217.50 was a claim for usurious interest and an alleged premium paid on said loan of $500 secured by said mortgage; "but that the plaintiff only paid defendant on account of said mortgage the sum of $282.50 which is the amount of dues paid, and is the only amount credited by defendant upon the mortgage, and therefore plaintiff did not pay off, redeem and settle said mortgage, nor did the defendant execute or deliver to the plaintiff a release of said mortgage under its corporate seal, and said mortgage still remains unreleased on the records of Baltimore County; but admits that no part of said mortgage debt was

renewed in whole or in part at any time whatsoever," and upon these pleadings the issues were joined.

The plaintiff testified that after going home on the day he made his last payment he counted up his book and found that by allowing six per cent. interest he had overpaid the defendant the sum of $221.25, and on the same evening wrote and mailed the defendant a letter, a copy of which was admitted in evidence, notifying it of his claim and requesting it to send a check for $221.25 without delay; that he was assisted by his counsel, Mr. Baker, in counting up his book that evening; that he never received any answer to that letter, but that a release of the mortgage was sent to him under the seal of the company, and that after he got the release he wrote and mailed a second letter to defendant dated January 10th, 1905, a copy of which was admitted in evidence, in which he said the release of mortgage would not be accepted until the matter was finally settled; that he had ordered the release sent back and would have nothing to do with it until defendant gave back what it honestly owed him. He said he did not know what became of the release, but did not say he had returned it. He admitted that he was trying to recover the amount he had paid over $500 and six per cent. interest thereon, and that he had waited so long to sue because he had broken his leg in May, 1905, and was laid up for six months, but could not say why he did not sue before he broke his leg.

The defendant offered two prayers as follows:

1st. That there was no evidence in this cause legally sufficient to prove any indebtedness from defendant to plaintiff, and that plaintiff was not entitled to recover.

2nd. That under the pleadings and evidence in this case, the sum sued for by the plaintiff is usurious interest, in excess of six per cent per annum, paid by him to the defendant upon a mortgage loan of $500 from defendant to plaintiff, which said loan has not been renewed in whole or in part, but wholly paid off and extinguished, and therefore the plaintiff is not entitled to recover.

The Court granted both these prayers and the only exception is to that ruling.

These instructions are founded upon sec. 6 of Art. 49 of the Code of 1904. Sec. 3 of that Article provides that "if any person shall exact, directly or indirectly, for loan of any money, goods or chattels to be paid in money, above the value of six dollars for the forbearance of $100 for one year, and so after that rate for a greater or lesser sum or for a longer or shorter time, he shall be deemed guilty of usury." Section 6 provides, "Nothing in the preceding sections shall be so construed as to make usury a cause of action in any case where the bond, bill obligatory, promissory note, bill of exchange, or other evidence of indebtedness has been redeemed or settled for by the obligor or obligors in money or other valuable consideration, except that of a renewal in whole or in part of the original indebtedness."

Both the pleadings and the plaintiff's own testimony conclusively show that every fact stated in the defendant's second prayer is true, for there was no other evidence than that of the plaintiff himself, except the proof that there was no release of the mortgage upon the record, and if the defendant's prayers were improperly granted it could only be because of the absence of such release.

But the purpose and meaning of sec. 6 is free from any possible doubt or obscurity. Prior to its enactment by chapter 358 of 1876 it had been settled by the cases of *Baugher* v. *Nelson*, 9 Gill, 308, and *Scott* v. *Leary*, 34 Md. 389, that in usurious transactions the parties are not regarded as in *pari delicto*, and that in this State a borrower could recover back, in an action for money had and received usurious interest which he had paid.

In *German American Building Association* v. *Newman*, 50 Md. 62, in speaking of sec. 6 of Art. 49, JUDGE BARTOL said, "The intent of the Act of 1876 was to change the law in this respect, and to take away such right of action in cases in which the transaction has been closed and finally settled by the parties, and the debt has been paid and satisfied." In that case the loan was on mortgage, the principal debt with usurious interest had been paid and satisfied, and the plaintiff had applied

for and had received a release of his mortgage, and afterwards sued to recover the usurious interest. The only question argued or considered in that case was the constitutionality of the Act of 1876, and the Court below held it unconsitutional on the ground that the subject of the Act was not described in its title. This Court however held the title good and the Act valid, and said "as the settlement took place, and the money was paid after that Act went into effect its provisions afford a complete bar to the suit, unless for some reason the Act should be held to be void and inoperative."

In the present case the whole contention of the defendant, in the language of his counsel's brief, is, that "the transaction was not closed between the parties, because the mortgage still remains on the record unreleased, there having been no sufficient delivery of the release and no proof that a valid release was sent to the appellant's wife." The proof however is clear from the plaintiff himself that he asked for and received a release which remained in his possesion, though not produced at the trial, and the presumption is that it was a valid release. There is no evidence that he ever tendered its return. The defendant had neither the right nor the power to record it, and the plaintiff's failure or refusal to record it cannot affect the situation.

It is difficult to conceive how the transaction could have been more effectually closed and finally settled by the parties, than by the execution and delivery of the release of the mortgage in compliance with the request of the mortgagor.

It was argued by the appellee that "even if no release had ever been executed the law would be the same. If the debt were paid in full the usurious interest can never be recovered back," and there are expressions in some of the cases which may perhaps admit of this argument.

In *Wood* v. *Matchett*, 47 Md. 395, where it was held that a party may except to the confirmation of an award on the ground of usury though no such defense was made before the arbitrator, the Court said "*An action at law* would lie prior to the Act of 1876 to recover excessive interest *actually paid*,"

and this language was repeated *New York Security Co.* v. *Davis*, 96 Md. 87. In *Border State Perpetual Building Association* v. *Hilleary*, 68 Md. 52, JUDGE ROBINSON said. "The Act of 1876, ch. 358 provides that no recovery shall be had of usurious interest, after the debt has been fully paid."

There the original debt had not been fully paid, though the mortgage had been released, a part of that debt being embraced in a second mortgage, and a bill having been filed for an account and a release of the second mortgage. But it is sufficient for this case, to hold that the transaction was closed by the release of the mortgage, and we intimate no opinion as to the effect of payment of the mortgage without a release.

It follows from what we have said that the ruling of the Court was correct, and the judgment must be affirmed.

We regret that in addition to the loss of usurious interest paid the costs must be imposed upon the appellant who can only be relieved by the free grace of the appellee.

> *Judgment affirmed with costs to the appellee above and below.*