JOHN H. EHRHART ET AL. *v.* PREFERRED BUILD-
ING & LOAN ASSOCIATION, INC.

[Nos. 16, 17, January Term, 1929.]

*Decided March 20th, 1929.*

The causes were argued before Bond, C. J., Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Charles T. Le Viness, 3rd,* and *August A. Denhard,* with whom were *Marchant, Adams & Hargest* on the brief, for the appellants.

*Joseph Fax,* for the appellees.

Adkins, J., delivered the opinion of the Court.

These two appeals in one record grow out of proceedings instituted to foreclose two mortgages from the appellants to the appellee on the same property. A petition was filed by the mortgagee in each case for a decree under the consent to a decree provision in the mortgages, and decrees thereunder were duly passed, whereupon the mortgagors filed answers and cross bills, in which they alleged in the one case that, whereas the mortgage was for $10,000, they received only $9,000, and in the other that, while the mortgage was for $5,000, they received only $4,500, the difference in each case being received by the mortgagee as a bonus; and further alleged that the mortgagors have more than paid their indebtedness and are entitled to releases of their mortgages and to a return to them of the excess paid by them by reason of the alleged illegal bonuses; that they have demanded releases from the mortgagee; and that these releases have been refused.

The prayers of the cross bills are for an accounting; for orders requiring the mortgagee to pay back to the mortgagors such excess as may have been paid over the true indebtedness; for orders requiring releases to be executed by the mortgagee; for injunction restraining the mortgagee from taking any further action under the foreclosure proceedings; and for further relief.

The answers of the mortgagee neither admit nor deny the allegations of the cross bills as to the illegal bonuses and the over-payments, but demand strict proof thereof. The two cases were heard together and the cross bill in each case was

42

dismissed.  The appeals in the two cases are from these decrees.

The testimony offered in behalf of the appellee, the Preferred Building & Loan Association, Inc., shows that Robert L. Kushnick, who is president of said association, was requested by a friend of John H. Ehrhart, one of the appellants, to procure for appellants a loan of $10,000 on a second mortgage, which he undertook to do in consideration of a commission of $1,000; that, after applying for the loan to two other building associations of which he was president, and being refused, he offered the loan to appellee, and the committee appointed to examine the property recommended a loan of $7,500; that the association finally agreed to make the loan of $10,000 on the guaranty by Kushnick of the amount over $7,500; that subsequently Ehrhart applied for another loan of $5,000, which was to be applied to the reduction of a prior mortgage of $45,000, and Kushnick agreed to procure it on the same terms (that is, payment by Ehrhart of ten per cent. (commissions), and did procure it from appellee; that of the amounts deducted from the two loans, $800 and $400 respectively were turned over to the appellee as entrance fees, and the balance kept by Kushnick for his services in procuring the loans for the borrower.

It is contended by appellant that the whole of the amounts deducted from the loans should be credited to appellants as usurious interest, on the ground that Kushnick was acting as the agent of the association, and had no right to charge brokerage fees.  We do not find this contention to be supported by the evidence.  While there was testimony that certain directors who testified knew that some of the directors charged borrower's commissions when they procured loans for them from the association, there is no evidence that such a practice was authorized or approved by the association.  In the two cases now before us there is no evidence that the loans were made at the instance of the association.  On the contrary, it seems clear that, in presenting the applications, Kushnick was acting on behalf of the borrower. *Title Guarantee Co. v. Wheatfield,* 123 Md. 458.

Our conclusion is that the entrance fees were improperly charged and that appellants are entitled to credits for them.

Neither the charter nor the by-laws of the association are set out in the record. But it is agreed that under the charter the purpose of the association is to carry on a building and homestead association, with the authority to do any and all acts that a building and homestead association may do under the laws of this state which are applicable to such an association; that the charter is silent as to entrance fees; that the by-laws do not fix the amount of the entrance fee, but provide for the payment of such entrance or other fees as may be determined, and authorize the board of directors to make rules for the conduct of the association.

There was testimony that, at a meeting of the board of directors when the association was first organized, a resolution was adopted fixing entrance fees at five dollars per share for first mortgages and eight dollars per share for second and third mortgages; that entrance fees are not charged on the unredeemed stock; that the redeemed stock does not share in the profits of the association.

The only provision found in the Code for entrance fees in relation to building associations is in section 161 of article 23. It is therein provided that "any homestead or building association, formed under the provisions of this article, shall have power in its certificate of incorporation * * * to prescribe the entrance fee to be paid by each stockholder at the time of subscribing * * *." In our opinion this does not authorize the charging of entrance fees to borrowing members only. It certainly does not contemplate a variety of entrance fees, nor does it permit any entrance fee to be charged in the absence of a provision in the charter fixing the amount of such fee.

The special privileges given by the statutes to associations of this character have always been strictly construed. Speaking of one of these privileges, this court said, in *Birmingham v. Maryland Land and Permanent Homestead Assn.*, 45 Md. 541, 544: "The privilege thus granted is a very unusual and extraordinary one, and no contract should be brought

44

within its operation unless made and executed in strict conformity with the very terms of the law. Certainly no latitude or liberality of construction should be indulged in, in order to extend the operation and effect of such a provision, but on the contrary its extraordinary character * * * justly subjects it to a rigid and strict construction." The above expression was quoted and approved in *White v. Williams,* 90 Md. 719, 727, and in *Washington Building Assn. v. Andrews,* 95 Md. 696, 700.

There is nothing in *Stewart v. Building Assn.,* 106 Md. 675, cited by appellee, in conflict with our conclusion. There the entrance fee was fixed in the charter and was required of all members.

As appellee refused to allow credits for these illegal charges, the prayers of the cross bills for injunctions and for accounting should have been granted. If on such accounting it should appear that in either case there is a balance due by appellants, after crediting the entrance fee charged, they should be required to pay such balance; if, on the other hand, an overpayment by appellants should be found in either case, then appellee should be required to refund such overpayment. We are not overlooking section 6 of article 49 of the Code. The indebtedness here has not been "settled" within the meaning of that section. *Lovett v. Calvert Mortgage Co.,* 106 Md. 132; *New York Security Co. v. Davis,* 96 Md. 87.

> *Decree reversed in No. 16 and case remanded in order that a decree may be passed in accordance with this opinion, with costs to appellants.*
>
> *Decree reversed in No. 17 and case remanded in order that a decree may be passed in accordance with this opinion, with costs to appellants.*