William H. ARNOLD, et al.,

v.

WATERFIELD MORTGAGE CO., et al.

Civil No. S 95–2626.

United States District Court,
D. Maryland,
Northern Division.

April 3, 1996.

Allan J. Culver, Bel Air, MD, for Plaintiffs.

Mark H. Friedman, Michael T. Cantrell, Friedman, Glorioso, Cohen & MacFayden, P.A., Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This is the remainder of a monumental effort by Mr. Arnold to forestall the mortgage foreclose sale of his residence. It has included actions in the Bankruptcy Court, a number of prior attempts in this Court to restrain disposition of the property, and of course, the underlying foreclosure proceeding in the Maryland State court.

The matter is before the Court on cross-motions for summary judgment, which will be disposed of for reasons stated hereinafter. The Court has not at all been aided in resolution of the questions presented in this case by the briefing, now closed, which has been abysmal on the part of both parties. Therefore, the Court has had to attempt to ferret out the governing law on its own. No oral hearing is deemed necessary, in that, judging by the briefs, it is highly unlikely to be useful. Local Rule 105.6, D. Md.

■ To the extent that the plaintiff Arnold seeks to rescind the 1989 refinancing of his dwelling—which is the loan at issue—he is barred by the absolute three-year limitations period of 15 U.S.C. § 1635(f). The loan was closed in 1989, and, whether or not he received the requisite disclosures, he is barred from pursuing such a claim for rescission in this case, which was not filed until mid–1995. *See e.g., King v. State of California,* 784 F.2d 910, 913 (9th Cir.1986), *cert. denied,* 484 U.S. 802, 108 S.Ct. 47, 98 L.Ed.2d 11, *reh. denied,* 484 U.S. 971, 108 S.Ct. 474, 98 L.Ed.2d 412 (1987). *See also In re Cox,* 162 B.R. 191, 195 (Bankr.C.D.Ill. 1993). There is absolutely no competent authority for plaintiff's position that the absolute limitation period of § 1635(f) was somehow extended by what he characterizes as "refinancings" in the form of variable interest rate adjustments in years after 1989. Indeed, 15 U.S.C. § 1635(e)(2) makes it clear that refinancings are entirely *exempted* from the rescission right conferred by § 1635(a). Thus, plaintiff's argument is self-defeating.

■ Furthermore, not simply with regard to rescission under § 1635, but also with regard to any question of a right to other TILA relief under § 1640, the Court is of the opinion that plaintiff simply has no case. Liability under § 1640 is predicated on a violation of TILA. Here, the plaintiff has attacked certain aspects of the disclosures made in connection with the annual adjustments of the variable interest rate in the years 1990, 1991, 1992, 1993, and 1994. All of these claims are barred by limitations under the plain language of 15 U.S.C. § 1640(e), except that in connection with the adjustment in November, 1994. With respect even to that claim, however, the Court's review of the disclosure shows compliance with the disclosure requirements applicable to variable rate adjustments under 12 C.F.R. § 226.20(c). Review of the disclosure notice—which plaintiff does not claim he failed to receive—shows the disclosure of current and prior interest rates, the index values, the extent to which the creditor has foregone any increase in the rate, the contractual effects of adjustment including the grounds for which non-adjustment is made, and a statement of the loan balance required to fully amortize the loan, which is not different from that referred to as the payment due post-adjustment. Consequently, there was clearly compliance with the disclosure requirements applicable to the variable interest adjustments, and plaintiff Arnold simply has no case, whether under the auspices of rescission, damages, or recoupment. Further, regarding recoupment, the Court strongly disagrees with plaintiff's suggestion—pertinent to the limitation question only—that his action is one for recoupment under § 1640(e). Although there is authority for the proposi-

tion that a TILA claim can be asserted without time bar as a defense to a claim in a bankruptcy proceeding, *see In re Woolaghan,* 140 B.R. 377 (Bankr.W.D.Pa.1992), this is not a bankruptcy proceeding, but an independent federal case. In any event, under Maryland law, it appears that the foreclosure proceeding is not (as plaintiff contends) purely *in rem,* but that legal claims reducing the debt may be considered, even though the proceeding is equitable in nature. *See Ehrhart v. Preferred Bldg. & Loan Assoc.,* 157 Md. 40, 44, 145 A. 202 (1929).

Thus summary judgment will be awarded by a separate order, in favor of the defendants, against Arnold, with costs.

■ With regard to plaintiff Redding, the Court is of the opinion that he has absolutely no federal claim under TILA or otherwise, To the extent that he makes any claim under TILA, he obviously has no standing in his capacity as a holder of a second mortgage to attack the sufficiency of disclosures to the debtor. Even if he did have such standing, as has been made clear above, there is no viable claim of violation of TILA disclosure requirements.

■ To the extent that Redding claims a violation of the due process clause in the underlying state court foreclosure proceedings, that is a matter that is not to be reviewed in this Court, but which ought to be heard only in the state courts of Maryland, over which this Court does not exercise collateral review. *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Furthermore, this Court should refrain from interfering in a state foreclosure proceeding. *Fisher v. Federal National Mortgage Assn.,* 360 F.Supp. 207, 211–12 (D.Md.1973) (Harvey, J.).

In that plaintiff Redding has no federal claim, any pendent state law claims will be dismissed for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3). There is no complete diversity of citizenship sufficient to provide an independent jurisdictional basis for Redding's state law claims under 28 U.S.C. § 1332.

The order to be entered herein will thus grant summary judgment in favor of defendants against plaintiff Redding on federal claims and will dismiss all state claims under § 1367(c)(3).